UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 13 Cr. 410 (NRB)

ALEXANDER GOLDSHMIDT,
ALEX PUZAITZER,
MICHAEL VAX,

Defendants.

------------------------------x

New York, N.Y.
June 5, 2013
3:15 p.m.

Before:

HON. NAOMI REICE BUCHWALD,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
JASON MASIMORE
Assistant United States Attorney

GUSRAE KAPLAN NUSBAUM
Attorneys for Defendant Goldshmidt
BY: MARTIN H. KAPLAN

GERALD L. SHARGEL
Attorney for Defendant Puzaitzer

JEFFREY H. LICHTMAN
Attorney for Defendant Vax

ALSO PRESENT: REBECCA VASSILAKOS, FBI
THOMAS ZUKAUSKAS, FBI

(Case called)

MR. MASIMORE: Good afternoon, your Honor, Jason Masimore for the government. With me at counsel table is Special Agents Rebecca Vassilakos and Thomas Zukauskas of the FBI.

MR. KAPLAN: Martin H. Kaplan, Gusrae Kaplan Nusbaum, PLLC, for the defendant Alex Goldshmidt. Good afternoon, your Honor.

MR. SHARGEL: Gerald Shargel for Alex Puzaitzer. Good afternoon.

MR. LICHTMAN: Jeffrey Lichtman for Michael Vax. Good afternoon, your Honor.

THE COURT: Am I correct that this is on for arraignment and first conference?

MR. MASIMORE: Correct, your Honor.

THE COURT: Let me inquire of counsel for the defendants. You have all received a copy of the indictment and had a chance to review it with your clients?

MR. SHARGEL: Yes, we have, your Honor.

MR. LICHTMAN: Yes, your Honor.

MR. KAPLAN: Yes, your Honor.

THE COURT: Do you waive its public reading?

MR. SHARGEL: Yes, we waive the public reading and enter a plea of not guilty.

MR. LICHTMAN: Same with us, Judge. Waive the public

reading and enter a plea of not guilty.

MR. KAPLAN: Same with us, your Honor.

THE COURT: Mr. Goldshmidt, how do you plead, guilty or not guilty.

DEFENDANT GOLDSHMIDT: Not guilty, your Honor.

THE COURT: Mr. Puzaitzer, how do you plead, sir, guilty or not guilty.

DEFENDANT PUZAITZER: Not guilty, your Honor.

THE COURT: Mr. Vax, how do you plead?

DEFENDANT VAX: Not guilty.

THE COURT: Have the parties had a chance, counsel had a chance to discuss a discovery schedule?

MR. SHARGEL: Yes, your Honor. I understand that the government is turning over the remainder of discovery. We got some discovery today, but there will be discovery turned over, and the government believes it will comply with the discovery requirements, at least at present, by June 28.

MR. MASIMORE: That's correct, your Honor. Today we provided a substantial amount of discovery actually in the form of the audio recordings from wiretaps. There were approximately ten 30-day periods of telephones covered from June 2012 through March 2013. Now the defendants have all of the line sheets from the calls as well as the audio recordings of those calls. I felt it best to get those to the defendants right away so they can begin going through it.

MR. SHARGEL: We are told that there is some 16,000 conversations.

THE COURT: That's a lot of friends.

Why don't we ask Mr. Masimore, these tapes, how many hours are we talking about?

MR. MASIMORE: Your Honor, I don't think we could even estimate the number of hours except to say it's quite substantial. The line sheets are produced in Adobe format. They are searchable by words, so that may help assist them to go through them.

A number of the calls, a substantial number of the calls and conversations are in Russian. The line sheets provide, in some cases, preliminary draft transcripts or at least draft summaries of the conversations therein.

In addition, when we count the 16,000 communications, a number of them are text messages which, of course, by their nature, are much shorter and more easily digestible. I couldn't give the Court a very good answer or any answer, actually, on the number of hours. It's substantial.

MR. SHARGEL: Assuming that there is 16,000 conversations and/or text messages, and we are getting all that by the -- we have a good portion of it right now, if not all, is that correct?

MR. MASIMORE: I believe you have all of it now.

MR. SHARGEL: We have the conversations. I think it

makes sense to put this on again for a late August date or first week of September so we have an opportunity to devise a method of listening or reading all this, and reporting back and telling the Court what motions we intend to file at that time.

THE COURT: The government will complete its discovery on June 28?

MR. MASIMORE: We expect to be able to on or about June 28. There is additional discovery. What we are going to do is get all of the underlying applications together and the ten-day reports, of course. There is some search warrant affidavits and other materials, bank account records which I think are pretty voluminous, but we are going to be getting those together. We will be in constant contact with the defense and get this out on a rolling basis through the end of June 28.

Your Honor, if it looks like it's going to take longer, we will confer with the parties. If it seems like it's going to take an additional longer period of time, we can inform the Court and ask for guidance. I think June 28 should provide the time necessary.

THE COURT: Just looking at the indictment, it tells me virtually nothing. I don't mean it's insufficient. It's not in a obvious factual context. Could you just tell me a little bit more about what the case is about?

MR. MASIMORE: I'd be happy to, your Honor. Just so

you know, this case originated on actually a substantially lengthy complaint that the defendants have.

Essentially, as it's been alleged in the complaint and now in the indictment, this centers around a pump and dump scheme with respect to various penny stocks. That's really what Count One addresses. The defendants and others in various capacities participated in a scheme to pump and dump penny stocks.

Count Two relates to an extortion that allegedly arose out of this scheme to pump and dump where one of the coconspirators at some point in time owed shares and money back, and there are various threats that were made against that coconspirator during the course of that which rose, according to the indictment and the complaint, rose to the level of extortionate threats.

THE COURT: If you could possibly just send over a copy of the complaint.

MR. MASIMORE: I would be happy to today.

THE COURT: Sometimes they are hard to link onto on the ECF system.

MR. MASIMORE: I would be happy to, your Honor.

THE COURT: I might suggest that we have our next conference during the week of September 9, since the first week in September is both Labor Day and Rosh Hashanah. It's going to be pretty pressed.

MR. SHARGEL: It's clear for me. So any date convenient for the Court.

MR. LICHTMAN: Fine for me.

MR. KAPLAN: Likewise, your Honor.

THE COURT: Why don't we just say September 10 at 3:45. And I'll be on time then.

MR. SHARGEL: Thank you, Judge.

THE COURT: I assume there is no objection to excluding the speedy trial time until then?

MR. LICHTMAN: No objection, your Honor.

MR. KAPLAN: No objection, your Honor.

MR. SHARGEL: No objection.

THE COURT: I find that the continuance until September 10 serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial in it will permit time for the defendants to consider the discovery already produced and to be produced by the government and to consider whether they have any motions.

Anything else?

MR. MASIMORE: No, your Honor. Thank you.

THE COURT: Again, my apologies.

o0o